

ENTERED
07/25/2011

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|   |   |
|---|---|
| IN RE | ) |
| VIKI LANE, | ) CASE NO. 08-80414-G3-7 |
| Debtor, | ) |
| MOODY NATIONAL BANK, | ) |
| Plaintiff, | ) |
| v. | ) ADV. NO. 11-8006 |
| VIKI LANE, ET AL., | ) |
| Defendants. | ) |

### MEMORANDUM OPINION

The court has held a hearing on "Kenneth Edward Nigrelle, Jr.'s Motion to Dismiss Complaint to Interplead Insurance Funds or in the Alternative, Request for Declaratory Judgment" (Docket No. 13). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Viki Lane ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on September 1, 2008.

In the instant adversary proceeding, Moody National Bank ("MNB") seeks to interplead funds deposited at MNB by Debtor. MNB asserts that there may be competing claims to the funds among the defendants to the instant adversary proceeding: Debtor, the Chapter 7 Trustee, and Kenneth E. Nigrelle, Jr., Debtor's former spouse.

Trustee and Debtor have filed answers, asserting their respective claims to entitlement to the funds. (Docket Nos. 11, 12). Trustee takes the position that the funds are property of the bankruptcy estate, citing Zibman v. Tow, 268 F.3d 298 (5th Cir. 2001).

Nigrelle seeks dismissal of the above captioned adversary. He asserts that this court lacks subject matter jurisdiction, because the property is not property of the bankruptcy estate. He also asserts that the complaint should be dismissed for failure to state a claim upon which relief can be granted. Nigrelle asserts that, because the funds deposited by Debtor represent insurance proceeds for damage to Debtor's homestead caused postpetition by a hurricane, the bankruptcy estate has no interest in the property, and thus this court lacks jurisdiction. He asserts that Moody National Bank has no claim against him.

Conclusions of Law

Under 28 U.S.C. § 1334, the court has "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

The court has jurisdiction to determine its own jurisdiction. Stoll v. Gottlieb, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938).

The court has jurisdiction to determine whether property is property of the bankruptcy estate. Tennessee Student Assistance Corp. v. Hood, 541 U.S. 440, 124 S.Ct. 1905, 158 L.Ed.2d 764 (2004).

In the instant case, MNB has sought interpleader of funds to which several entities, including the bankruptcy estate, assert a claim. The court concludes that it has subject matter jurisdiction to consider the instant adversary proceeding.

As to Nigrelle's argument that the complaint fails to state a claim, MNB's complaint states a claim for interpleader to funds in which Nigrelle may assert an interest. Nigrelle's arguments appear to go to the merits of Nigrelle's interest rather than whether MNB's complaint states a claim.[1] The court concludes that the instant motion should be denied, without

---

[1] Nigrelle's arguments also appear directed to Trustee's position, though Trustee does not appear to have asserted any claims against Nigrelle.

prejudice to Nigrelle's opportunity to assert his position in a pleading and in any further dispositive motions.

Based on the foregoing, a separate Judgment will be entered, denying "Kenneth Edward Nigrelle, Jr.'s Motion to Dismiss Complaint to Interplead Insurance Funds or in the Alternative, Request for Declaratory Judgment" (Docket No. 13).

Signed at Houston, Texas on July 25, 2011.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE